# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA BOWMAN, : | |
| : | Civil No. 1:14-CV-150 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | (Magistrate Judge Carlson) |
| SUNBEAM PRODUCTS, INC., : | |
| : | |
| **Defendant** : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

In its current form this case presents a dilemma–how can the Court maintain a lawsuit with a plaintiff who has disappeared, and whose present whereabouts are wholly unknown?  Because we conclude that the Court cannot reasonably maintain this litigation on these unusual facts it is recommended that this action be dismissed.

This case is a products liability tort action which was removed by the defendant, Sunbeam Products, Inc., from the Court of Common Pleas of Philadelphia County and transferred to this Court.  (Docs 1 and 4.)  In her complaint, the plaintiff, Cassandra Bowman, alleged that she suffered burns when a heating pad manufactured by the defendant malfunctioned, setting her bed afire as she slept.  (Doc. 1.)

This matter was initially referred to us to address a motion to withdraw filed by plaintiff's counsel, and a related discovery dispute. (Docs. 22-24.) Upon review, we determined that the motion to withdraw and this discovery dispute had the same root cause–the plaintiff's complete failure to fulfill her responsibilities as a litigant. Thus, the discovery dispute arose out of the plaintiff's failure to produce the allegedly defective heating pad for inspection by the defendant, a necessary first step in this litigation. The motion to withdraw as plaintiff's counsel was instigated, in turn, by the plaintiff's failure to communicate or cooperate with her own attorney.

Presented with these cascading failures by the plaintiff, we granted the request of plaintiff's counsel to withdraw, instructed the plaintiff to notify us if she obtained new counsel, and directed the plaintiff to comply with discovery demands and produce the heating pad at issue in this case. (Doc. 26.) We also instructed the clerk of court to serve Bowman with this order directly through e-mail and U.S. mails at the addresses we had been provided by plaintiff's counsel. (Id.) Finally, we also advised Bowman that: "The plaintiff is hereby placed on notice that failure to comply with the terms of this Order, including the requirement that she promptly produce the allegedly defective heating pad to the defendants' attorneys, may result in the dismissal of this action for failure to prosecute and comply with Court orders pursuant to Rule 41 of the Federal Rules of Civil Procedure. See also Poulis v. State Farm Fire & Casualty Co.,

747 F.2d 863 (3d Cir. 1984) (discussing the six factors courts are to consider before dismissing an action on the basis of, *inter alia*, failure to comply with court orders and failure to comply with discovery obligations)." (Id.)

This order, and a subsequent order issued by the Court, were later returned by postal authorities as undeliverable. (Docs. 27, 31 and 32.) As a *pro se* litigant Bowman's failure to maintain an address where she could be reached itself violated the Rules of this Court; specifically, Local Rule 83.18, which provides that:

> **LR 83.18 Appearance of Parties Not Represented by Counsel.**
>
> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

Recognizing that Bowman was now in violation of this rule as well, we entered an order on August 18, 2014, which placed her on notice of her obligations in this regard and stated in part as follows:

> Under the Local Rules of this Court the plaintiff may be deemed to have abandoned this lawsuit by failing to provide the Court with an address where she can be reached, a direct violation of Local Rule 83.18. The plaintiff's on-going violation of Local Rule 83.18, permits the Court to find that she has abandoned this litigation. In this circumstance, dismissal of this action for failure to abide by Court orders or the Rules of this Court, and failure to prosecute, is fully justified. See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn v. Capitol Pavilion, 1:11-CV-2017, 2012

WL 5197551 (M.D. Pa. Oct. 19, 2012); Educ. Mgt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); Algin v. Burgerhoff, 1:12-CV-0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011); Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011).  Accordingly, IT IS ORDERED that the plaintiff shall provide an address at which she can be reached on or before **August 28, 2014**, as required by Local Rule 83.18 or face the sanction provided for by that rule and the plaintiff may be deemed to have abandoned this lawsuit by failing to provide the Court with an address where she can be reached.  **IT IS FURTHER ORDERED THAT** the Clerk of Court shall cause this Order to be delivered to the plaintiff via first-class mail by sending a copy to both of the mailing addresses provided by plaintiff's former counsel, and by transmission of the Order to the plaintiff at her e-mail address.

(Doc. 33.)

The copy of this order that was mailed to Bowman has now also been returned as undeliverable, (Doc. 34.), and we are no closer the gaining the plaintiff's compliance, or attention.  Therefore, we must consider what course to take when presented by a plaintiff who refuses to cooperate with her own counsel, ignores legitimate defense discovery requests, fails to comply with Court orders, discounts the Rules of this Court, and has disappeared, leaving us with no means of communicating with this party.  On these facts, in the absence of any means by which we can communicate with the plaintiff, for the reasons set forth below, we recommend that this case should now be dismissed.

**II.     Discussion**

    **A.     Under The Rules of This Court Angel-Rivera Should Be Deemed to Have Abandoned This Lawsuit**

At the outset, under the Local Rules of this Court the plaintiff should be deemed to have abandoned this lawsuit by failing to provide the Court with an address where she can be reached, a direct violation of Local Rule 83.18. Bowman's on-going violation of Local Rule 83.18, permits the Court to find that she has abandoned this litigation. In this circumstance, dismissal of this action for failure to abide by Court orders or the Rules of this Court, and failure to prosecute, is fully justified. See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn v. Capitol Pavilion, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); Educ. Mgmt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); Olguin v. Burgerhoff, 1:12-CV-0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011);

Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011). These basic tenets of fairness apply here.

In this case, the plaintiff has failed to comply with Local Rule 83.18 by providing an address where we can communicate with this litigant. As a result we are completely stymied in our efforts to gain compliance by the plaintiff with her obligations as a litigant, and cannot even inform the plaintiff of her duties in this case. These failures now compel us to apply the sanction called for under Rule 83.18, and deem the plaintiff to have abandoned this litigation.

### B.    **Dismissal of this Case Is Also Warranted Under Rule 41**

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008))  Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus, 538 F.3d at 263. Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263.  Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the

court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that our inability to communicate with this plaintiff and resolve this case, is entirely attributable to the plaintiff, who has failed to abide by Court orders, and Local Rules, by informing us of her whereabouts, or complying with discovery.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by Court orders–also calls for dismissal of this action. Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration. As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable

> dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe v. Klaus, 538 F.3d at 259-60.

In this case the plaintiff's failure to inform us where she can be reached, to litigate this claim or to comply with Court orders now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness

in complying with court orders.' Adams, 29 F.3d at 874." Briscoe v. Klaus, 538 F.3d at 260-61 (some citations omitted). Here, the plaintiff has failed to provide an address where she can be reached, and her whereabouts are unknown. The plaintiff has also failed to respond to even the most rudimentary of discovery demands, and has not complied with Court orders directing her to take actions in this case. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

  The fourth Poulis factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff in this case. In this setting we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir.1994). At this juncture, when the plaintiff has failed to comply with instructions of the Court directing the plaintiff to provide us with the means to communicate with this party, has violated the Local Rules, and has not fulfilled her discovery obligations, the Court is compelled to conclude that the plaintiff's actions are not isolated, accidental or inadvertent but instead reflect an on-going disregard for this case and the Court's instructions.

While <u>Poulis</u> also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the Rules or Court orders, lesser sanctions may not be an effective alternative.  <u>See, e.g.</u>, <u>Briscoe v. Klaus</u>, 538 F.3d 252, 262-63 (3d Cir. 2008); <u>Emerson</u>, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion.  In any event, by entering our prior orders, and counseling the plaintiff on her obligations in this case, we have endeavored to use lesser sanctions, but to no avail.  The plaintiff still declines to obey court orders, has provided us with no means of communicating with this party, and otherwise ignores her responsibilities as a litigant.  Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under <u>Poulis</u> we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims.  In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with her most basic obligations as a litigant–telling us where she is. The plaintiff cannot refuse to provide this basic information which is necessary to allow resolution of the merits of her claims, and then assert the untested merits of

these claims as grounds for denying the sanction of dismissal. Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus, 538 F.3d at 263. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions.

Moreover, in this case we are utterly unable to communicate with the plaintiff, a fact which completely frustrates our ability to adjudicate the merits of her claims. In such circumstances, dismissal of the action is entirely appropriate under Rule 41. See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011). Likewise,"[w]ith respect to the meritoriousness of [Bowman's] claim, . . . [Bowman's] own conduct in delaying the discovery process ma[kes] that factor impossible to assess." Reshard v. Lankenau Hosp., 256 F. App'x 506, 508 (3d Cir. 2007). In such instances, dismissal of the plaintiff's complaint is entirely appropriate. Id.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed for failure to prosecute.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of August, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge